JOHN F. BURNAM, Respondent, *v.* MARVIN R. BANKS, Appellant.

1. *Deeds — Misdescription — Meaning of word "on."* — A deed described certain land as lying "on the Louisville & Nashville railroad," without giving the description of it by boundaries. In suit to set aside the conveyance as bad for misdescription, the proof showed that the land was near to, but not bordering upon, the road. *Held,* that the word "on," as denoting contiguity or neighborhood, may mean as well "near to," as "at;" and in this sense the land was not misdescribed.

*Error to Fourth District Court.*

*O. Guitar*, and *Moore*, for appellant.

*R. T. Prewitt*, for respondent.

BLISS, Judge, delivered the opinion of the court.

Plaintiff and defendant were both residents of Boone county, Mo., and entered into a written contract to exchange lands ; that of the plaintiff being a farm in said Boone county, which he

agreed to give for a place near Nashville, Tenn. Before the time for carrying the contract into effect he visited Tennessee, found the property, became dissatisfied with it and with the country, returned to Missouri, and commenced this proceeding to rescind the contract. He charges in his petition, first, a misdescription of the land, and second, fraudulent misrepresentations of its condition and value. Several issues were framed for submission to a jury, and a large number of instructions were presented, some of which were given and some refused. The verdict and judgment were for the plaintiff, and the District Court affirmed the action below.

It is wholly unnecessary to consider the instructions in detail, to decide which are correct and which erroneous ; for the question upon which the case turned, and which colored nearly all the instructions, is one of construction. The contract described the Tennessee property as follows : " Twenty acres of ground more or less, lying in Davidson county, Tenn., on the line of the Louisville & Nashville railroad, seven to ten miles north of Nashville, on which is a two-story frame house, four rooms on ground-floor of main house and four above, now owned by Ann R. Banks, and on which H. Frank Banks now resides." The testimony shows the land to be within the angle of the turnpike roads, and that the house is about one-third of a mile from the railroad by a direct line, and half a mile by the usual road. The plaintiff claimed and the court held that the words " on the line " could not mean in the neighborhood of or near to the line of the road, but that they necessarily implied that the land was bounded by the road. The District Court, in giving the same construction, correctly holds that " the terms of a written instrument are to be understood in their plain, ordinary and popular sense, unless by known usage of trade they have acquired some peculiar meaning, or unless the context evidently points out that the parties intended they should be understood in some other and peculiar sense." (1 Greenl. Ev. § 278.) The question, then, is, what is the plain, ordinary and popular sense of these words ? May they not mean near to as well as at the line ? A friend goes to a distant State, and writes that he has purchased a farm and set-

tled "on the line of" a certain railroad. Does he necessarily mean that his farm is bounded by the road?. Emigrants follow our new roads as they are spanning the continent, and we say they are settling on the line of the road, which simply means at or near it. And in trading for land, or in answering inquiries in relation to the location of land in another State, if it was near a certain railroad it would be perfectly natural to say that it was on the line of the road.

Our best lexicons may be referred to as authority for the plain, ordinary and popular, as well as the technical sense in which words are used. "The line" of a road must mean, as used in the contract, the boundary of the land appropriated for its use, and the following is one of the definitions given by Webster to the preposition: "On. (5) At or near, indicating situation, place or position, as *on* the one hand; *on* the other hand; the fleet is *on* the American coast; the island is *on* the coast of England; *on* each side stands an armed man—that is, at or near each side; Philadelphia is situated *on* the Delaware." The following is one of the definitions of Worcester: "(3) Expressing the relation of nearness in place; contiguous to; near; at; 'Their navy, on your shores.'—*Dryden.* 'On each side.'—*Shak.* 'The town on the lake.'—*Lond. Encyc.*" A lexicographer may be mistaken, and his definitions are only authority as indicating the popular use of the word defined. No one doubts the general accuracy of the two quoted, and they sustain our general understanding that the word "on," as denoting contiguity or neighborhood, may mean as well "near to" as "at," and in this sense there was no misdescription of the land by the phrase "on the line of the railroad." Light is often thrown upon the sense in which a term or phrase is used by the context. Had the contract contained a particular description of this land by boundaries, or even by terms implying exact location, then the phrase "on the line of the railroad" would naturally be held to make the road a boundary. But there was no such description in it, and in speaking of the general situation of this land in a distant State, without attempting a description of boundaries, or actual and precise position, and using words in their popular

sense, it was natural for these parties to speak of it as on the line of the railroad. In holding, then, as matter of law, that that phrase necessarily meant next to or bounded by the railroad, the court committed an error which must invalidate its judgment.

The plaintiff alleges, in substance, that he relied entirely upon the representations of defendant in relation to the land, having never seen it himself, and not knowing its position, value, or condition, and charges that defendant falsely and fraudulently represented it as being bounded by the railroad; as being worth greatly more than its real value; that the buildings and fences were in much better repair than they were found to be; and that, in consequence of its actual location, value, and condition, it is worth much less to the plaintiff than it would have been had the defendant's representations been true. If these allegations and charges are true, the plaintiff is entitled to have his contract rescinded. They are facts to be found, either by the chancellor or by a jury, upon issues framed. Though put in issue by the pleadings, they do not seem to have been passed upon at the trial, the case having been decided upon the construction of the language of the contract.

The judgment of the District Court is reversed, and the case is remanded for further proceedings. The other judges concur.