(32 Misc. Rep. 92.)

RYAN v. PRESTON et al., Com'rs.

(Supreme Court, Special Term, Suffolk County. June, 1900.)

1. HIGHWAYS—ABUTTING OWNERS—BICYCLE PATHS—ADDITIONAL SERVITUDE—COMPENSATION.

Where the fee of a highway to its center is in an abutting owner, he is not entitled to compensation for the construction of a bicycle side path on such highway, since it is impliedly dedicated to the use that the public may require, and the use of bicycles is so extensive that a portion of the highway is required for their exclusive use.

2. SAME.

Laws 1899, c. 152, authorizes the construction of bicycle side paths; and section 2 declares that no side paths shall be constructed upon or along any regularly constructed or maintained sidewalk, except upon the

consent of the persons owning the abutting lands. *Held*, that the word "along" should be construed as synonymous with "upon," and hence the section does not forbid the construction of a bicycle path beside or adjoining any regularly constructed or maintained sidewalk.

Action by Helene M. Ryan against Henry H. Preston and others, as side-path commissioners, to restrain defendants from constructing and maintaining a bicycle side path. Complaint dismissed.

Edward B. Mowbray (Herman H. Baker, of counsel), for plaintiff.
Timothy M. Griffing, for defendants.

SMITH, J. If a portion of the highway may be appropriated as a sidewalk for the exclusive use of pedestrians, there seems to be no reason why another portion of the highway may not be appropriated for the exclusive use of bicycles. In the case of Palmer v. Electric Co., 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672, it was held that when land is taken for a country highway, leaving the fee in the abutting owner, it is impliedly dedicated to the uses which the public may in the future require. In that case it was decided that the erection of poles and electric lights in a highway without compensation to the abutting owner was permissible, because that was such a use of the highway as the public required. The use of bicycles has become so extensive and almost universal that the public require that a portion of the highway be set apart for their exclusive use. And, upon the principle laid down in the case above cited, the owner of the abutting land is not entitled to compensation by reason thereof.

The provision of section 2 of the Side-Path Law (Laws 1899, c. 152) that "no side path shall be constructed upon or along any regularly constructed or maintained side walk, except upon the consent of the persons owning the abutting lands," is somewhat obscure in its phraseology; but, taking the whole section together, it is clear that the words "upon" and "along" are synonymous, and that the provision was intended to prevent the appropriation of any portion of a regularly constructed sidewalk for a bicycle path, and was not intended to forbid the construction of a bicycle path beside of or adjoining any such sidewalk. The defendants are entitled to judgment dismissing the complaint, with costs.

Complaint dismissed, with costs.