HILTON, Respondent, v. CRAMER, Appellant.

(209 N. W. 543.)

(File No. 6199.    Opinion filed July 6, 1926.)

1.  **Appeal and Error—Briefs.**

 Sufficiency of evidence is not reviewable, where appellant's brief does not affirmatively show that it contains all material evidence as required by Rev. Code 1919, § 3149.

2.  **Schools and School Districts—Judgment Describing Land Condemned for Schoolhouse Site as "Exclusive of Land in Public Highway" Held Not Violative of Statute Requiring Land so Condemned to Be "Upon" Section Line or "Upon" Highway (Rev. Code 1919, § 7496, as Amended by Laws 1919, c. 180, and Sections 8519, 8521).**

 In proceeding to condemn lands for school purposes, judgment describing land condemned as "one square acre in extreme southeast corner of southeast quarter, * * * exclusive of land in public highway," held not in violation of Rev. Code 1919, § 7496, as amended by Laws 1919, c. 180, requiring land taken for school site to be situated "upon" section line or "upon" a regularly laid out highway, though it did not include strip of land constituting half of highway under sections 8519 and 8521.

3.  **Schools and School Districts.**

 "Upon" as used in Rev. Code 1919, § 7496, as amended by Laws 1919, c. 180, requiring land for schoolhouse site to be situated "upon" section line or "upon" a highway, means along, near to, or along side of.

4.  **Eminent Domain.**

 In proceeding to condemn land in corner of quarter section for schoolhouse site, jury was properly required to find value of land exclusive of highway.

Note.—See, Headnote (1) American Key-Numbered Digest, Appeal and error, Key-No. 757(3), 4 C. J. Sec. 2332; (2) Schools and school districts, Key-No. 68, 35 Cyc. 820; (3) Schools and school districts, On or Upon, 29 Cyc. 1484; (4) Eminent domain, Key-No. 223, 20 C. J. Sec. 394 (Anno).

Power to exercise eminent domain for purpose of school, see note, 22 L. R. A. (N. S.) 169; 48 L. R. A. (N. S.) 486.

Appeal from Circuit Court, Douglas County; Hon. R. B. TRIPP, Judge.

Proceeding to condemn land for school purposes by Adelia D. Hilton, Superintendent of Schools in and for Douglas County,

against N. J. Cramer. From a judgment of condemnation, award of damages, and order denying new trial, defendant appeals. Affirmed.

*N. J. Cramer,* of Yankton, for Appellant.

*Walker & Gurley,* of Armour, for Respondent.

KNIGHT, Circuit Judge. This appeal is from a judgment of condemnation of one acre of land for school purposes and an award of damages based upon the verdict of a jury, and from an order denying new trial.

[1] Appellant seeks to rely upon assignments to the effect that the evidence was insufficient to support the judgment, but has failed to cause it to affirmatively appear that his brief contains all the material evidence received upon the trial as required by section 3149, R. C. 1919, and such alleged insufficiency cannot be considered. This rule is too well established to require the citation of authorities.

[2, 3] The land involved is described in the judgment as "one square acre in the extreme southeast corner of the southeast quarter, * * * exclusive of land in the public highway." Appellant contends that this is in violation of section 7496, R. C. 1919, as amended by chapter 180, Laws of 1919, requiring that land taken as a schoolhouse site be situated upon a section line or upon regularly laid out highway. There is no merit in this contention. The land taken does not include the strip of land 33 feet in width along the section line constituting one-half of the highway as existing under the provisions of sections 8519 and 8521, R. C. 1919; it is, however, situated upon a section line, and is situated upon a highway as provided by said section; the word "upon" as here used meaning along, near to, or along the side of. Webster's International Dictionary; 29 Cyc. 1484; Niblett v. Nashville, 12 Heisk. (Tenn) 684, 27 Am. Rep. 755; Burnam v. Banks, 45 Mo. 349; Ryan v. Preston, 32 Misc. Rep. 92, 66 N. Y. S. 162.

[4] Appellant also complains of an instruction requiring the jury to find the value of the acre of land exclusive of the highway. This instruction was proper.

The judgment and order appealed from are affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.